**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| In re, | Case No. 15-00195-dd |
| Felicia Nicole Reid, | Chapter 13 |
| Debtor. | **ORDER ON MOTION FOR CONTEMPT** |

This matter is before the Court on a motion filed by Felicia Nicole Reid ("Debtor") on August 22, 2016, seeking to hold Rossington Law Offices, LLC ("Rossington") in contempt for violating the automatic stay in her chapter 13 case [Docket No. 43]. Rossington filed a response to Debtor's motion on September 8, 2016 [Docket No. 48] and an amended response on November 3, 2016 [Docket No. 55]. A hearing was held on November 7, 2016. At the conclusion of the hearing, the Court took the matter under advisement. The Court now issues this order.

## FACTS

1. Debtor and Gary Wayne Holley have two children together, ages 10 and 5.

2. Julio A. Rossington is an attorney licensed to practice in the state of South Carolina and is the owner of Rossington.

3. Rossington has represented Mr. Holley in connection with various child custody and visitation issues between Debtor and Mr. Holley for approximately six years.

4. On December 1, 2014, a hearing was held in family court on a Rule to Show Cause filed by Mr. Holley. Mr. Rossington testified that the Rule to Show Cause was filed because Debtor had repeatedly denied Mr. Holley visitation with the children.

5. On January 6, 2015, an Order on the Rule to Show Cause was filed. The Order states:

> Plaintiff Felicia Nicole Reid is held in contempt for her failure to abide by Judge Jenkinson's Final Order filed December 5, 2012 concerning

> Defendant Father's visitation with the minor children. Plaintiff, Felicia Nicole Reid, is sentenced to a suspended sentence of 30 days in the Charleston County Detention Center.

The Order also requires Debtor to pay $2,000.00 in attorney fees and costs directly to Rossington in monthly installments of $200.00.

6. The Order further provides:

> If [Debtor] fails to abide by this Order, [Mr. Holley] or [Mr. Holley's] counsel may file an Affidavit of Non-Compliance and the Clerk shall issue a bench warrant against the Plaintiff, Felicia Nicole Reid, for her incarceration in the Charleston County Detention Center for 30 days.

7. Debtor filed her chapter 13 bankruptcy case on January 14, 2015.

8. On January 30, 2015, an Affidavit of Non-Compliance was filed by Mr. Rossington requesting that a bench warrant be issued for Debtor's arrest. The affidavit indicates that two grounds for issuance of the warrant existed: (1) Debtor failed to make payments to Rossington for attorney fees, and (2) on January 23, 2015, Debtor failed to comply with the Court's order as it related to visitation by failing to meet Mr. Holley to exchange the children.

9. Mr. Rossington and Mr. Holley both testified that the motivation for filing the affidavit was Debtor's failure to comply with the visitation schedule.

10. A bench warrant was issued for Debtor's arrest on March 5, 2015.

11. Debtor's original plan was confirmed on April 7, 2015. Debtor filed a post-confirmation plan modification on April 22, 2015 and a further modification on August 3, 2015. The modification was approved on August 13, 2015.

12. On April 1, 2016, Debtor's bankruptcy case was dismissed due to her failure to make her chapter 13 plan payments.

13. Debtor filed a motion to reconsider dismissal on April 14, 2016. The motion to reconsider was granted and her case was reinstated by order entered May 10, 2016.

2

14.     On May 16, 2016, another Affidavit of Non-Compliance was filed by Mr. Rossington in the family court, citing Debtor's failure to pay the attorney fees to Rossington. Mr. Rossington testified that he was advised by the Charleston County Clerk of Court's office that this second affidavit was unnecessary, as the previously issued bench warrant remained outstanding.

15.     On July 29, 2016, Debtor was arrested while attending to other matters at the family court clerk's office. Debtor estimated that she was detained for approximately six hours.

16.     Mr. Rossington testified that on the same day, Debtor's father came to his office and paid him $2,000 in attorney fees. After this payment was made, Mr. Rossington drafted an Order to Rescind Bench Warrant and Release and sent it to the presiding family court judge. The order was signed, and Debtor was released that day. Debtor has never repaid her father the $2,000 he paid to Rossington on her behalf.

17.     Debtor then filed this motion for contempt approximately a month later, on August 22, 2016. Debtor asserts that as a result of her incarceration, she suffered physical and emotional distress and loss of income.

18.     Mr. Rossington testified that he did not receive notice of Debtor's bankruptcy case. He testified that he received a total of four documents filed in Debtor's bankruptcy case: (1) Debtor's original chapter 13 plan, filed February 10, 2015; (2) Debtor's amended plan, filed April 22, 2015; (3) the order dismissing Debtor's case, filed April 1, 2016; and (4) this motion for contempt, filed August 22, 2016. Mr. Rossington testified that he did not receive a copy of the initial notice of Debtor's bankruptcy filing, nor did he receive Debtor's motion to reconsider dismissal filed April 14, 2016.

19.     Rossington's mailing address is 1317-M N. Main Street #140, Summerville, SC 29483, and its physical address is 200 W. 5th North Street, Suite C, Summerville, SC 29483. Both

3

of these addresses are available on Rossington's website and are a part of Mr. Rossington's email signature block.  Rossington's mailing address is also available on the South Carolina Bar website under Mr. Rossington's attorney profile.

20.     The Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, and Deadlines, the February and April chapter 13 plans, the order dismissing Debtor's bankruptcy case, the motion to reconsider dismissal, and the motion for contempt filed in Debtor's bankruptcy case were all served on Rossington at 200 West 5th Street, Summerville, SC 29483.

21.     The order granting Debtor's motion to reconsider dismissal was entered on May 10, 2016.  Pursuant to South Carolina Local Bankruptcy Rule 5075-1, notice and service of the order was delegated to Debtor.  To date, no certificate reflecting service of the order granting the motion to reconsider dismissal has been filed.  Thus, there is no evidence that Rossington had notice of the reinstatement of the bankruptcy case.

## CONCLUSIONS OF LAW

Debtor requests that the Court hold Rossington in contempt for violating the automatic stay by filing an affidavit of non-compliance and causing a bench warrant to be issued for her arrest. Debtor submits that this action was a violation of the automatic stay and the order confirming her chapter 13 plan because the first affidavit was filed while her bankruptcy case was pending and after her plan was confirmed, and the second affidavit was filed and Debtor was arrested after her bankruptcy case had been reinstated.  Debtor argues that these actions do not fall within any exception to the automatic stay because one of the grounds for non-compliance set forth in both affidavits was her failure to pay Rossington's attorney fees - an action for collection of a debt.

"A violation of the automatic stay may be redressed by the bankruptcy court under its civil contempt powers."  *In re Robinson*, 2008 WL 4526183, at *2 (Bankr. E.D. Va. Sept. 29, 2008)

4

(citing 11 U.S.C. § 105(a); *Burd v. Walters (In re Walters)*, 868 F.2d 665 (4th Cir 1989)). Similarly, a violation of a confirmation order is an act of contempt which can be remedied by the Court under its contempt powers. *In re Dendy*, 396 B.R. 171, 179 (Bankr. D.S.C. 2008). A finding of contempt requires a finding that the party being held in contempt engaged in the violation willfully and with knowledge that its actions violated the stay or the confirmation order. *See In re Thomas*, 184 B.R. 237, 241 (Bankr. M.D.N.C. 1995) ("In order to be found in civil contempt, the offending party must have knowingly and willfully violated a definite and specific court order.") (citing *In re Ryan*, 100 B.R. 411, 417 (Bankr. N.D. Ill. 1989)); *see also Cherry v. Arendall (In re Cherry)*, 247 B.R. 176, 187 – 88 (Bankr. E.D. Va. 2000) ("The Fourth Circuit Court of Appeals has considered the necessary evidentiary showing to establish a willful violation of the automatic stay, holding that 'to constitute a willful act, the creditor need not act with specific intent but must only commit an intentional act with knowledge of the automatic stay.'") (quoting *Citizens Bank v. Strumpf (In re Strumpf)*, 37 F.3d 155, 159 (4th Cir. 1994), *rev'd on other grounds*, 516 U.S. 16 (1995); *Cuffee v. Atlantic Bus. & Community Dev. Corp. (In re Atl. Bus. & Community Corp.)*, 901 F.2d 325, 329 (3d Cir. 1990)); *LaTempa v. Long (In re LaTempa)*, 58 B.R. 538, 541 (Bankr. W.D. Va. 1986) ("[I]f the violation of the stay is a willful or knowing one, contempt is an appropriate remedy. . . . To support a finding of contempt, the party accused must be shown to have had notice or knowledge sufficient to be aware of the proscribed conduct.") (internal citations omitted). The Court has "broad discretion to fashion a remedy for civil contempt." *Workman v. GMAC Mortgage, LLC (In re Workman)*, 392 B.R. 189, 195 (Bankr. D.S.C. 2007).

Rossington is not in contempt for its actions during Debtor's bankruptcy case because notice of both the original filing of the bankruptcy case and the reinstatement of the bankruptcy case were defective. Certificates of service filed in Debtor's bankruptcy case indicate that

5

documents filed prior to Rossington's response to Debtor's motion for contempt were served on Rossington at an incorrect address. Mr. Rossington testified that delivery of mail addressed to the firm's physical address is sporadic. Debtor attempted to serve Rossington at this physical address, not at its mailing address. Further, Debtor did not use the proper physical address. Debtor's certificates of service indicate that documents were served on Rossington at 200 West 5th Street, Summerville, SC 29483, not at 200 W. 5th North Street, Suite C, Summerville, SC 29483.

Additionally, with respect to the order granting Debtor's motion to reconsider dismissal, notice and service of the order was delegated to Debtor pursuant to SC LBR 5075-1.[1] SC LBR 9013-3(b) provides, in relevant part:

> A certificate of service that indicates the names and addresses of the parties served with the document(s), the manner of service, and the date of service, shall be filed by the party delegated service of an order or notice pursuant to SC LBR 5075-1. . . . Service shall be made promptly and a certificate of service of the delegated document should be filed within seven (7) days.

Debtor has never filed a certificate of service indicating that the order granting her motion to reconsider dismissal was served on Rossington. Accordingly, there is no evidence that Rossington received notice that Debtor's bankruptcy case was reinstated in May 2016.

In sum, there is no evidence that Rossington had actual notice of the reinstatement of Debtor's bankruptcy case; thus, at the time the second affidavit of non-compliance was filed and at the time of Debtor's arrest, the last bankruptcy document that had been served on Rossington was the order dismissing Debtor's bankruptcy case. The initial affidavit of non-compliance was filed with the family court prior to Rossington's receipt of a copy of Debtor's initial bankruptcy plan, and no action was taken subsequent to Rossington's actual notice of the bankruptcy case until after Rossington received notice that the case was dismissed.

---

[1] SC LBR 5075-1 states, in relevant part, "[N]oticing and service of notices and orders are delegated as follows: . . . Order on motion to reconsider dismissal to the movant."

Because Rossington did not receive proper notice of either the filing of Debtor's bankruptcy case or the reinstatement of her case after dismissal, Rossington's actions during Debtor's bankruptcy case were not knowing and willful. Debtor's motion for contempt is denied.

AND IT IS SO ORDERED.

**FILED BY THE COURT**
**11/28/2016**



Entered: 11/29/2016

David R. Duncan
Chief US Bankruptcy Judge
District of South Carolina